**PROSKAUER ROSE LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEW ORLEANS
PARIS

**Jason Schatz**
Attorney at Law

Direct Dial 973.274.3213
jschatz@proskauer.com

August 8, 2007

**Via Electronic Filing and U.S. Mail**

Honorable Katherine S. Hayden
United States District Court Judge
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101-0999

Re:   **McDowell v. Sherrer, et al., Civ. Action No. 04-CV-6089 (KSH)(PS)**

Dear Judge Hayden:

This firm represents Plaintiff Steven McDowell in the above-referenced matter. We write to respectfully request Your Honor's intervention with respect to a pressing discovery issue that has recently arisen in this case and that may impact the outstanding motion for summary judgment. As Your Honor knows, Mr. McDowell claims, *inter alia*, that Defendants, all current or former staff members of the New Jersey Department of Corrections, violated his constitutional rights by using excessive force against him and then retaliating against him for bringing the instant lawsuit. Subsequent to the filing of the summary judgment papers, Mr. McDowell has been subjected to repeated, serious and even life-threatening acts of retaliation. Defendants have refused to provide discovery regarding these recent events. Thus, we are compelled to seek the Court's assistance.

In recent weeks, a number of corrections officers on Mr. McDowell's unit, as well as their superior officers, have expressed an intent to take adverse action against Mr. McDowell because of his continued pursuit of this litigation. Their recent acts of retaliation culminated in June 2007 with their facilitation of a failed attempt on Mr. McDowell's life by other inmates. As a result of this attempted assault and other actions by officers on the unit,[1] Mr. McDowell has been placed in protective custody. NJDOC officials have informed us that the Special Investigations Division ("SID") is currently conducting an investigation into Mr. McDowell's allegations. (*See* July 9, 2007 letter from Administrator Hauck to Jason Schatz, attached as Exhibit B.)

---

[1] Details of the recent retaliatory conduct are set forth in our July 2, 2007 letter to Northern State Prison Administrator Bruce Hauck, attached as Exhibit A.

PROSKAUER ROSE LLP

Honorable Katherine S. Hayden, U.S.D.J.
August 8, 2007
Page 2

By letter dated July 11, 2007, we requested that the Defendants, as part of their continuing obligation to produce documents responsive to Plaintiff's document requests, "produce all documents in the possession of the [NJDOC] and [SID] pertaining to recent incidents at Northern State Prison which have resulted in Steven McDowell being placed in protective custody, as well as all documents relating to SID's investigation." (A copy of our July 11, 2007 letter is attached as Exhibit C.) By letter dated July 30, 2007 (attached as Exhibit D), counsel for Defendants, Thomas Kemble, stated that Mr. McDowell's allegations regarding recent events "would, if true, constitute a new cause of action requiring the filing of a new lawsuit." Accordingly, Defendants refused to produce the requested documents.

Defendants' position is incorrect. The recent incidents of retaliation clearly do not constitute a new cause of action but, rather, are a continuation of the retaliatory conduct that gave rise to many of Mr. McDowell's pending claims. Indeed, at least two of the officers believed to be involved in the most recent series of retaliatory acts, Brian Williams and Domingo Rivera, are already named defendants in this action. Information regarding this most recent conduct is directly related to pending allegations in this case. Moreover, to the extent it may be necessary for Mr. McDowell to pursue claims against additional individuals not currently parties in this lawsuit, concerns regarding judicial economy and the efficient use of the parties' resources dictate that Mr. McDowell pursue those claims in this lawsuit. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("As this Court and other courts have often recognized, *res judicata* and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication"). The requested information will assist Mr. McDowell in effectively determining the individuals, if any, who should be joined in this action.

Accordingly, Plaintiff respectfully requests that the Court compel Defendants to produce all documents in the possession of the NJDOC and SID regarding the allegations set forth in our July 2, 2007 letter to Administrator Hauck and the investigation into the matters referenced therein.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Jason Schatz

Enclosures

cc:     Hon. Patty Shwartz, U.S.M.J.
        Thomas Kemble, Esq.
        Yvette Gordon, Esq.

# EXHIBIT A

| | |
|---|---|
| | One Newark Center<br>Newark, NJ 07102-5211<br>Telephone 973.274.3200<br>or 212.736.8185<br>Fax 973.274.3299 |

NEW YORK
LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEW ORLEANS
PARIS

## PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

**Jason Schatz**
Attorney at Law

Direct Dial 973.274.3213
jschatz@proskauer.com

July 2, 2007

**Via Facsimile and Mail**

Administrator Bruce Hauck
Northern State Prison
P.O. Box 2300
168 Frontage Road
Newark, New Jersey  07114

Re:    **McDowell v. Sherrer, et al., Civ. Action No. 04-6089 (KSH)**

Dear Administrator Hauck:

This firm is pro bono counsel to Steven McDowell (Inmate No. 403692-624536-B), the plaintiff in the above-referenced matter.  We write on Mr. McDowell's behalf to request that he be transferred immediately to a different prison facility in order to stem a wave of very serious retaliatory actions against him and ensure his personal safety.  Indeed recent events make clear that Mr. McDowell's life is in danger.

In his lawsuit, Mr. McDowell alleges that several Northern State Prison employees violated his constitutional rights by using excessive force during a November 8, 2004 extraction, denying him clothing and medical attention following the extraction, deliberately hindering his efforts to pursue his administrative remedies and retaliating against him for filing a lawsuit.  The retaliation against Mr. McDowell subsided in or around July 2005.

In recent months, however, several officers have taken additional retaliatory actions against Mr. McDowell, because of the above-referenced lawsuit and because he has assisted another inmate, Jalonn Lasseter, in pursuing a lawsuit in federal court against a number of corrections officers.  The corrections officers' actions have escalated to the point that just last week Mr. McDowell was the target of a assault with a deadly weapon and was temporarily transferred to the Stabilization Unit to ensure his safety.  Specifically, Mr. McDowell reports the following conduct:

- SID Investigator Berardi has repeatedly questioned Mr. McDowell regarding his lawsuit and advised him that he should drop his claims.  In January and February 2007, in an

PROSKAUER ROSE LLP

Administrator Bruce Hauck
July 2, 2007
Page 2 of 3

apparent attempt to turn other inmates against Mr. McDowell, Inv. Berardi told them that Mr. McDowell is cooperating with the Attorney General's office and was "engaging in relationships with law enforcement."

- Inv. Berardi intercepted Mr. McDowell's personal correspondence in which Mr. McDowell wrote to a friend about his post-incarceration plans. Against prison regulations, Inv. Berardi showed the letter to other inmates, and the content of the letter caused them to become openly hostile toward Mr. McDowell. Following this incident, through counsel, Mr. McDowell requested to be placed in protective custody, which request was granted in February 2007.

- On or about June 12 and 15, 2007, SCO Domingo Rivera, a defendant in Mr. McDowell's lawsuit, led Mr. McDowell out of his cell, where he was confronted by Lt. Pierre Emanuel and Sgt. Rodolfo Ortiz, who are named as individual defendants in Inmate Lasseter's lawsuit. Lt. Emanuel called Mr. McDowell "the man of hour" and "Mr. Legal Eagle." In reference to Inmate Lasseter's lawsuit, they said "I see you are still active with pen" and told him "I'll get you before you get me." Further, Lt. Emanuel told Mr. McDowell that "Berardi did it the wrong way but I am going to show him how it's done." On June 12, after McDowell had returned to his cell, SCO Brian Williams, who is a defendant in McDowell's lawsuit told McDowell "if you want to file lawsuits and help others file lawsuits, it puts pressure on us, so we'll put pressure on you."

- On June 15, a cell phone was found in the cell of another inmate. Mr. McDowell had nothing to do with the discovery but, the following day, Sgt. Ortiz told the other inmates that Mr. McDowell had tipped them off about the cell phone.

- On June 20, Sgt. Ortiz asked Mr. McDowell "are you done with the pen?" and told him that if he and Lasseter drop their cases, "we'll lay off." When Mr. McDowell told Sgt. Ortiz that his conduct is the very basis for a legal claim, Sgt. Ortiz told him, "This is our house. I'm not going to let you do this in our house."

- On a date uncertain, SCO Varges placed another inmate's psychiatric medication into Mr. McDowell's food. Mr. McDowell, who had become aware of SCO Varges' actions, did not eat the food and avoided injury.

- On June 26, SCO Brian Williams and SCO Varges entered into a plan with other inmates whereby an inmate would be provided with a metal shank and would attack Mr. McDowell with it when the officers opened the door to his cell. The plan failed only because a porter, who was enlisted to deliver the shank to Mr. McDowell's would be attacker, instead delivered it to Mr. McDowell himself. Mr. McDowell discovered the plan when he overheard SCO's Williams and Varges discussing the issue, and he immediately notified Sgt. Ortiz. He was taken off the unit for his safety. To Mr. McDowell's knowledge, the incident was investigated by Lt. Emanuel, Captain Cannon

PROSKAUER ROSE LLP

Administrator Bruce Hauck
July 2, 2007
Page 3 of 3

       and SID Investigator Rabb, and resulted in Mr. McDowell being placed in a cell in the
       Stabilization unit, where he currently resides without his personal property, legal
       materials or adequate clothing.

The above conduct was clearly intended to discourage Mr. McDowell from pursuing his legal
claims and to discourage other inmates from seeking his assistance in pursuing their own claims.
Mr. McDowell lives in fear of the corrections officers' conduct and of being attacked by other
inmates whom the officers have turned against him. Last week's failed attack demonstrates that
his fears are well-founded. He grieved the corrections officers' conduct through the
administrative process and was placed in protective custody, but the harassing conduct has
continued and his life was still in danger. His current placement in the Stabilization Unit appears
to be relatively safe, but this is only a temporary arrangement. Moreover, he is without basic
necessities.

Accordingly, your assistance is urgently need to remedy this situation before it gets any worse
and results in Mr. McDowell sustaining serious personal injury. We believe that the only
adequate remedy is to immediately transfer Mr. McDowell to another prison where he will not be
under the supervision of the officers named in his lawsuit or their peers at Northern State Prison.
We understand that this may include a transfer outside the New Jersey state prison system. We
respectfully request that you take any steps necessary to effectuate such a transfer. Our hope is
that this situation can be resolved without the need for further legal action.

Thank you for your attention to this matter. I will contact you this afternoon to discuss this
matter further.

Very truly yours,

Jason Schatz

cc:    Thomas E. Kemble, Esq.
       Yvette M. Gordon, Esq.
       Steven McDowell

# EXHIBIT B



# State of New Jersey
## DEPARTMENT OF CORRECTIONS

Jon S. Corzine
*Governor*
*In Reply respond to:*

GEORGE W. HAYMAN
*Commissioner*

☐ ADULT DIAGNOSTIC AND
TREATMENT CENTER
8 Production Way, PO Box 190
Avenel NJ 07001

☐ ALBERT C WAGNER
YOUTH CORRECTIONAL FACILITY
Ward Avenue PO Box 500
Bordentown NJ 08505

☐ BAYSIDE STATE PRISON
Route 47 Delsea Drive
Leesburg NJ 08327

☐ EAST JERSEY STATE PRISON
Lock Box R
Rahway NJ 07065

☐ EDNA MAHAN CORRECTIONAL
FACILITY FOR WOMEN
30 County Road 513
PO Box 4004
Clinton, NJ 08809

☐ GARDEN STATE CORRECTIONAL
FACILITY
PO Box 11401
Yardville NJ 08620

☐ STABILIZATION & REINTEGRATION
PROGRAM
Bootcamp, Route 72
New Lisbon NJ 08064

☐ MID-STATE CORRECTIONAL FACILITY
PO Box 866
Wrightstown NJ 08562

☐ MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY
PO Box 994
Annandale NJ 08801

☐ NEW JERSEY STATE PRISON
PO Box 861
Trenton NJ 08625

☐ CENTRAL RECEPTION AND
ASSIGNMENT FACILITY
PO Box 7450
West Trenton NJ 08625

☑ NORTHERN STATE PRISON
Frontage Road PO Box 2300
Newark NJ 07114

☐ RIVERFRONT STATE PRISON
Delaware & Elm Street PO Box 9104
Camden NJ 08101

☐ SOUTHERN STATE CORRECTIONAL
FACILITY
PO Box 150
Delmont NJ 08314

☐ SOUTH WOODS STATE PRISON
215 Burlington Road South
PO Box 6000
Bridgeton NJ 08302-6000

☐ STATE USE INDUSTRIES – DEPTCOR
163 North Olden Avenue
PO Box 867
Trenton, NJ 08625-0867

July 9, 2007

Jason Schatz
One Newark Center
Newark, NJ 07102

**RE: McDowell vs. Sherrer, et al.,**
        **Civil Action No.: 04-6089 (KSH)**

Dear Mr. Schatz :

I am in receipt of your correspondence dated July 2, 2007 regarding your client inmate Steven McDowell - #403692.

Please be advised that your allegations regarding your client are being investigated by the Special Investigations Division. Rest assure that immediate disciplinary action will be taken if any of your allegations are found to have merit upon completion of the investigation.

For your information, Mr. McDowell's present housing assignment is appropriate (Protective Custody/STGMU Ad Seg) and I was assured by Delta Unit Area Sergeant Sheldon Vickers that he does have his authorized personal property and adequate clothing.

Should you have any further questions or require any additional information concerning any of the aforementioned, please do not hesitate to contact my office at (973) 578-2021, and thank you for the correspondence.

Very truly yours,

Bruce A. Hauck
Administrator

BAH/mv
C: Thomas Kemble, DAG
    SID Caldwell
    File

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

# EXHIBIT C

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M. Goldstein, Managing Resident Partner

One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

NEW YORK
LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEW ORLEANS
PARIS

**Jason Schatz**
Attorney at Law

Direct Dial 973.274.3213
jschatz@proskauer.com

July 11, 2007

**<u>By Facsimile and Mail</u>**

Thomas E. Kemble, Esq.
Deputy Attorney General
Office of the Attorney General of New Jersey
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, NJ  08625-0112

Re:    <u>McDowell v. Sherrer et al, No. 04-6089 (KSH) (PS)</u>

Dear Mr. Kemble:

Pursuant to Fed. R. Civ. P. 26(e), which provides that Defendants have a continuing obligation to produce all documents responsive to Plaintiff's document requests, Plaintiff demands that Defendants produce all documents in the possession of the New Jersey Department of Corrections and the Special Investigations Division ("SID") pertaining to recent incidents at Northern State Prison which have resulted in Steven McDowell being placed in protective custody, as well as all documents relating to SID's investigation.  These incidents are described in detail in my July 2, 2007 letter to Administrator Bruce Hauck, which is attached.  Such documents are responsive to Plaintiff's requests numbered 1, 2, 13, 15, 16, 21, 22, 26, 27, 30, 34, 35, 36, 37 and 43.

Kindly produce the requested documents by July 31, 2007.  Please call me immediately if you have any questions pertaining to this request.

Very truly yours,

Jason Schatz

Enclosure

cc:    Yvette M. Gordon, Esq.
       Steven McDowell

6842/00998-035 Current/9851596v1

# EXHIBIT D



*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112
July 30, 2007

JON S. CORZINE
*Governor*

ANNE MILGRAM
*Attorney General*

ROBERT J. GILSON
*Director*

**Via Facsimile (973) 274-3299 and Regular Mail**

Jason Schatz, Esq.
Proskauer Rose, LLP
One Newark Center
Newark, New Jersey 07102-5211

       Re:  <u>Steven McDowell v. Lydell Sherrer, et al.</u>
            Civil Action No. 04-6089 (KSH-JS)

Dear Mr. Schatz:

        This letter is in reply to your letter of July 11, 2007,
in which you demand that the defendants produce documents, pursuant
to <u>Fed.R.Civ.P.</u> 26(e), relevant to your clients recent allegations
of retaliation by Department of Corrections staff in February 2007
and on June 12, 15, 20, and 26, 2007, as described in your July 2,
2007 letter to Administrator Bruce Hauck at Northern State Prison.

        <u>Fed.R.Civ.P.</u> 26(e) imposes a continuous duty on each
party to supplement at appropriate intervals its disclosures under
<u>Fed.R.Civ.P.</u> 26(a) if a party learns that in some material respect
the information disclosed is incomplete or incorrect and if the
additional or corrective information has not otherwise been made
known to the other parties during the discovery process or in
writing. <u>Fitz, Inc. d/b/a/ Handmade Furniture Co. V. Ralph Wilson
Plastics Co.</u>, 174 <u>F.R.D.</u> 587, 589 (D.N.J. 1997).

        The allegations in this case involve claims that
allegedly occurred between November 8, 2004 and July 2005, with
discovery having closed on December 20, 2006. It is our position
that the allegations set forth in your July 2, 2007, would, if
true, constitute a new cause of action requiring the filing of a
new lawsuit and that your reliance on <u>Fed.R.Civ.P.</u> 26(e) is
misplaced. Accordingly, we believe we are not under a duty to



July 30, 2007
Page 2

provide you with documents which may or may not be relevant to new claims that have yet to be filed or served.

Sincerely yours,

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

By: _Thomas E. Kemble_____
Thomas E. Kemble
Deputy Attorney General

encl.
c. file